**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-4309

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY POPE,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, District Judge. (CR-03-104)

Argued: May 27, 2005           Decided: June 24, 2005

Before GREGORY and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Elita Ceta Amato, Washington, D.C., for Appellant. Timothy B. Atkins, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee. **ON BRIEF:** Thomas M. DiBiagio, United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

On January 15, 2004, Anthony W. Pope ("Pope") pleaded guilty to one count of possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), and aiding and abetting, in violation of 18 U.S.C. § 2, pursuant to a written plea agreement. On April 19, 2004, the district court sentenced Pope to 262 months imprisonment followed by five years of supervised release. On appeal, Pope objects to the district court's finding that he is a career offender and argues that the district court erred in treating the sentencing guidelines as mandatory.[1] We hold that the district court did not err in finding Pope to be a career offender and did not commit plain error that actually prejudiced Pope in treating the sentencing guidelines as mandatory. We thus affirm Pope's conviction.

I.

Pursuant to Pope's plea agreement, he agreed that he was responsible for more than 150 grams but less than 500 grams of cocaine base. He further agreed that his base level offense should be increased by two levels for the possession of a dangerous weapon. The Government agreed not to oppose a three level

---

[1]Pope filed a motion to remand his case for resentencing after he filed his initial appeal. We reserved judgment on that motion until we ruled on the appeal.

reduction for acceptance of responsibility. The plea did not contain an agreement as to Pope's criminal history.

At sentencing, the district court found that Pope was a career offender pursuant to U.S. Sentencing Guideline Manual § 4B1.1, based upon his prior felony convictions for robbery with a deadly weapon and unlawful possession with intent to distribute cocaine. Pope's counsel conceded that Pope had "two prior predicate offenses. The one is robbery and the second one is for possession with intent to distribute." J.A. 21. Pope's counsel then moved for a downward departure arguing that categorizing Pope as a career offender overrepresented his criminal history. The district court judge rejected this argument, noting that Pope had "been involved in crimes since he was 15 years old, reported[ly], involving assaults, thefts, drug activities" and finding that Pope "is very much in the heartland of the career offender." Id. at 30-31. Pope waived certain appellate rights in his plea agreement but reserved the right to appeal the district court's decision on whether he was a career offender.

II.

We first address Pope's argument that under United States v. Booker, 125 S. Ct. 738 (2005), the district court erred by treating the sentencing guidelines as mandatory in determining his

sentence.[2]  Because Pope did not raise this issue below, our review is for plain error.  To establish plain error, Pope must show that an error occurred, that the error was plain, and that the error affected his substantial rights.  United States v. Olano, 507 U.S. 725, 732 (1993).  Even if Pope makes this showing, we may only correct the error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings."  Id. (internal citations omitted).

We recently addressed the proper analysis for evaluating a defendant's claim that the district court erred in failing to treat the guidelines as advisory.  In United States v. White, 405 F.3d 208 (4th Cir. 2005), we held with regard to a defendant whose appeal was pending when Booker was decided, that it was error, which was plain, for the district court to treat the guidelines as mandatory.  Id. at 217.  However, to satisfy the third prong of plain error analysis a defendant must show that he was actually prejudiced.  Id. at 223.

Pope has not met his burden of demonstrating that the error of sentencing him under the mandatory guidelines regime affected the outcome of the district court proceedings.  The district court judge made no statements at sentencing indicating that he wished to

---

[2]Pope does not argue that the district court judge imposed a sentence greater than the maximum authorized solely by the facts that he admitted and thus does not claim a Sixth Amendment violation under Booker.

4

sentence Pope below the guideline range but that the guidelines prevented him from doing so. In addition, the district court judge specifically noted after denying Pope's motion for a downward departure based on overrepresentation of criminal history that:

> There is no indication that he has learned any lessons about anything, quite candidly. He has had a life of crime. Perhaps with his being out of circulation for an extended period of time, he won't come back to a life of crime, but the community can't take a chance on that right now.

J.A. 31. The district court judge went on to give Pope a sentence at the lower end of the guidelines range but did not give any indication that this sentence was too harsh. Given these comments at sentencing, it is apparent that the district court felt that Pope's sentence was entirely appropriate for him, especially considering his criminal history. Thus, Pope cannot demonstrate that he was actually prejudiced by the district court's error.

Second, Pope challenges his career offender status. Pope concedes that he has two prior qualifying convictions but argues that the prior conviction exception laid out in Almendarez-Torres v. United States, 523 U.S. 224 (1998), may no longer be good law. This argument is foreclosed by the Supreme Court's reaffirmation of the Almendarez-Torres prior conviction exception in Booker. See Booker, 125 S. Ct. at 756 ("Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or

5

a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.") (emphasis added).[3]

Likewise, the application of the prior conviction exception to Pope does not raise any of the problems outlined in Shepard v. United States, 125 S. Ct. 1254 (2005).  In Shepard, the Supreme Court instructed that Sixth Amendment protections apply to disputed facts about a prior conviction.  Id. at 1262-63.  Because no facts related to Pope's prior convictions are disputed, the district court judge's application of the career offender designation to Pope did not violate the Sixth Amendment.  Cf. United States v. Washington, 404 F.3d 834, 843 (4th Cir. 2005) (finding that district court's reliance on disputed facts about the defendant's prior conviction violated the defendant's Sixth Amendment right to trial by jury).

### III.

For the foregoing reasons, we affirm Pope's sentence and deny his motion to remand.

AFFIRMED

---

[3]While Justice Thomas's concurrence in Shepard v. United States, 125 S. Ct. 1254, 1263-64 (2005), expressed doubt on the future viability of the exception, the exception is still good law.